24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Gerardo GUTIERREZ-ZAMARANO, Defendant-Appellant.
 No. 93-50389.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1994.*
Decided April 26, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Hector Gutierrez-Zamarano was charged with conspiracy to possess cocaine with the intent to distribute and attempted possession of cocaine with the intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 846. A jury acquitted Appellant on the conspiracy count, but convicted him on the attempt count. The district court granted Appellant's motion for a new trial. Appellant made pre-trial motions to dismiss the attempt count on the grounds of double jeopardy and collateral estoppel.[1] The district court denied these motions and this timely appeal followed. We affirm.
 
 I.
 
 3
 Appellant contends that the jury, in acquitting him on the conspiracy charge, rejected the factual evidence necessary to support a conviction on the attempt charge and therefore collateral estoppel bars his retrial. Collateral estoppel analysis involves a three step process:
 
 
 4
 First, the issues in the two actions are identified so that we may determine whether they are sufficiently similar and material to justify invoking the doctrine. Second, we examine the first record to determine whether the issue was fully litigated. Finally, from our examination of the record, we ascertain whether the issue was necessarily decided.
 
 
 5
 United States v. Schwartz, 785 F.2d 673, 681 (9th Cir.), cert. denied, 479 U.S. 890 (1986). In order to determine what the acquitting jury found, we must review both the evidence at trial and the jury instructions. See Sealfon v. United States, 332 U.S. 575, 579-80 (1948); United States v. Seley, 957 F.2d 717, 721 (9th Cir.1992).[2]
 
 
 6
 The jury instructions on the conspiracy count that Appellant was acquitted of required the jury to find: 1) an agreement between two or more people to commit at least one crime as charged in the indictment; 2) that Appellant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and 3) a member of the conspiracy performed at least one overt act in furtherance of the conspiracy.
 
 
 7
 The record does not conclusively establish the basis upon which the jury acquitted Appellant on the conspiracy charge. Appellant argues that his conviction on the attempt charge indicates that the first two elements of the conspiracy charge were likely established. From this premise, he argues that the jury must have decided as an ultimate fact that he did not engage in any overt act to possess cocaine with an intent to distribute. This analysis is not necessarily correct. As an initial matter, the evidence at trial clearly established the existence of the overt acts charged against Appellant in the indictment. In fact, Appellant actually admits to completing many of the overt acts.
 
 
 8
 Thus, the jury quite possibly may have found one of the other conspiracy elements--such as an agreement--to be missing. While Agent Skaggs testified that Appellant made references to other members of the organization, Agent Skaggs never met or talked to any person other than Appellant. Further, every overt act mentioned in the conspiracy count referred to solo actions by the Appellant. A strong argument therefore exists that the jury simply did not find an agreement sufficient to sustain a conspiracy conviction.
 
 
 9
 The jury instructions for the attempt count required proof of two elements: 1) that Appellant intended to knowingly and intentionally possess with intent to distribute cocaine; and 2) that Appellant undertook a substantial step towards committing the crime. A jury acquittal based on the lack of an agreement would not bar the government from proving the first element of the attempt charge. This is because a jury could reasonably find that Appellant intended to possess and then distribute cocaine without also having to find the existence of an agreement to do so with others. Appellant had numerous conversations with Agent Skaggs detailing his plans to distribute the 100 kilogram loads of cocaine. A jury could also conclude that Appellant planned to use the down payment money to purchase cocaine from a new source not mentioned in the discussions with Agent Skaggs or informant Lopez. We therefore determine that proving the first element of the attempt charge on retrial does not necessitate a finding contrary to the initial jury's acquittal on the conspiracy charge.[3]
 
 
 10
 The government must also prove at retrial that Appellant took a substantial step necessary to complete the attempt. Appellant argues that the government's theory at trial was that he had an agreement with members of the Barrientos drug organization to acquire cocaine with the down payment money received from Agent Skaggs. With evidence detailing Appellant's involvement in the drug organization foreclosed by the jury's acquittal on the conspiracy charge, Appellant contends that the government has no means to prove that the requisite substantial step occurred.
 
 
 11
 "Conduct which constitutes only 'mere preparation' is insufficient to sustain an attempt conviction." United States v. Candoli, 870 F.2d 496, 503 (9th Cir.1989). Here, the record demonstrates that Appellant negotiated a purchase of cocaine. These negotiations took place during several meetings at which the price, quantity, and purity level of the cocaine was set. Before being arrested, Appellant met Agent Skaggs at a hotel room and accepted a brief case full of money as down payment for the drugs. If a jury believed Appellant intended to distribute cocaine, it would be reasonable to further conclude that he took a substantial step without necessarily relying on facts that formed the basis of the prior acquittal on the conspiracy charge. We affirm the district court's order denying Appellant's motion to dismiss on collateral estoppel grounds.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This memorandum disposition addresses only Appellant's collateral estoppel claim. The remainder of his claims are addressed in a separate published opinion
 
 
 [2]
 The government argues that this issue is controlled by United States v. Powell, 469 U.S. 57 (1984). In Powell, the Court held that inconsistent verdicts of acquittal and conviction may coexist. Id. at 69. However, Powell arose in a different procedural setting, one not involving a retrial, and its holding does not apply where, as here, the district court granted Appellant's motion for a new trial and vacated his conviction. See id. at 64. Further, the government offers no proof that the jury acquittal on the conspiracy count and conviction on the attempt count are logically inconsistent. See Seley, 957 F.2d at 723
 
 
 [3]
 It is quite true that the intent element would be lacking if the jury accepted Appellant's theory at trial that he was merely involved in a scheme to steal the government's money as opposed to distribute drugs. See United States v. Darby, 857 F.2d 623, 626 (9th Cir.1988). However, in convicting Appellant of attempt at the first trial, the jury necessarily rejected this theory